IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| | ) CIVIL ACTION NO. 3:17-cv-739 |
| Plaintiff, | ) ) JURY TRIAL DEMAND ) |
| v. | ) ) ) |
| WAL-MART STORES, INC., AND WAL-MART STORES EAST, LP, | ) ) ) |
| Defendants. | ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Paul Reina ("Reina"), a qualified individual with a disability, who was adversely affect by such practices. Plaintiff, the U.S. Equal Employment Opportunity commission ("EEOC"), alleges that Defendants, Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP, (hereinafter collectively referred to as "Wal-Mart"), violated the ADA by failing to provide reasonable accommodations which would permit Reina to perform his job and by terminating his employment because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA of 1990, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

## PARTIES AND OTHER PERSONS

3. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Wal-Mart Stores, Inc. has continuously been and is now a Delaware corporation that operates numerous stores throughout the nation, including Store #2532 located at 2785 Milwaukee Road in Beloit, Wisconsin. Wal-Mart Stores, Inc. has continuously been and is now doing business in the State of Wisconsin and the City of Beloit, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Wal-Mart Stores, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S. C. §§ 2000e(g) and (h).

6. At all relevant times, Wal-Mart Stores, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Wal-Mart Stores East, LP, has continuously been and is now a general limited partnership registered in Delaware that operates numerous stores throughout the nation, including Store #2532 located at 2785 Milwaukee Road in Beloit, Wisconsin. Wal-Mart Stores East, LP has continuously been and is now doing business in the State of Wisconsin and the City of Beloit, and has continuously had at least fifteen (15) employees.

8. At all relevant times, Wal-Mart Stores East, LP has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, Wal-Mart Stores East, LP has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. At all relevant times, Reina was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8).

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Paul Reina filed a charge with the EEOC alleging violations of the ADA by Wal-Mart against Reina.

12. On March 16, 2017, the EEOC issued to Wal-Mart a Letter of Determination finding reasonable cause to believe that the ADA was violated.

13. On March 16, 2017, the EEOC invited Wal-Mart to engage in informal conciliation efforts to eliminate the practices found unlawful and provide appropriate relief.

14. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

15. By letter dated August 16, 2017, the EEOC informed Wal-Mart that it was unable to secure a conciliation agreement acceptable to the EEOC. All conditions precedent to the institution of this lawsuit have been fulfilled.

16. Mr. Reina has a developmental delay, a visual impairment, anxiety, and is deaf. These impairments limit his major life activities, including but not limited to, learning, seeing, concentrating, communicating, and hearing, constituting "disabilities" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

17. At all relevant times, Mr. Reina could perform the essential functions of a Cart Pusher with a reasonable accommodation, and was a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

18. Mr. Reina began working for Wal-Mart in Beloit, Wisconsin as a Cart Pusher in January 1999 and performed his duties successfully, with reasonable accommodations, until June 2015. During those sixteen and one half years, Mr. Reina received multiple pay raises and satisfactory performance reviews, with ratings of "meets expectations" or above.

19. On or about June 10, 2015, Jeff Scheurell began working as the Store Manager for Wal-Mart at it Beloit, Wisconsin location.

20. On June 12, 2015, Mr. Scheurell called a meeting with Ms. Roseann Slaght, Mr. Reina's legal guardian, and informed her that in order to be deemed fit to work, Reina must fill out a new request for reasonable accommodations that included medical information. Mr.

Scheurell also informed Ms. Slaght that Reina would be placed on a paid suspension until the documentation was completed.

21.     Mr. Reina's disabling conditions had not changed since January 1999 and he had no need for any reasonable accommodations in June 2015 aside from those accommodations that had been in place since January 1999.

22.     Ms. Slaght submitted a new packet of requests for reasonable accommodations paperwork to Scheurell on July 9, 2015. The paperwork included a physician-signed statement of Mr. Reina's impairments, his limitations, and his need for the accommodation of a job coach to aid his seeing and hearing.

23.     Ms. Slaght subsequently emailed the Wal-Mart employee helpline through Reina's account on the online employee portal on two occasions, but received no response from Wal-Mart.

24.     Mr. Reina's access to his account on the online employee portal was denied beginning August 1, 2015.

25.     Mr. Reina's Service Coordinator at the ARC Association of Winnebago, Boone and Ogle Counties, Matthew Metheny, contacted Wal-Mart by telephone to inquire about the status of Reina's employment and Reina's request for reasonable accommodations on June 22, 2015, July 7, 2015, and July 21, 2015. Mr. Metheny also emailed Wal-Mart. Wal-Mart did not respond to any of Mr. Metheny's communications.

26.     Wal-Mart paid Mr. Reina for only two weeks of his suspension. Mr. Reina has never been paid beyond the first two weeks of his suspension.

27.     Wal-Mart's repeated failures to respond to the communications of Ms. Slaght and Mr. Metheny halted the interactive process.

28. Wal-Mart's insistence that Reina take a suspension until a new, but unnecessary, request for accommodations was finalized, coupled with Wal-Mart's halt of the interactive process, made a return to work impossible for Mr. Reina, denying him employment.

29. As alleged in Paragraph Nos. 16-28, Wal-Mart failed to accommodate Mr. Reina and effectively terminated him because of his disability in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b).

30. The effect of the practices complained of in Paragraph Nos. 16 - 28 has been to deprive Mr. Reina of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability in violation of Title I of the ADA, 42 U.S.C. § 12112.

31. The unlawful employment practices complained of above were intentional.

32. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Reina.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Wal-Mart, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA;

B. Order Wal-Mart to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Wal-Mart to make Mr. Reina whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay.

      D.      Order Wal-Mart to make Mr. Reina whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

      E.      Order Wal-Mart to make Mr. Reina whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional pain, suffering, loss of enjoyment in life and humiliation;

      F.      Order Wal-Mart to pay Mr. Reina punitive damages for its intentional, malicious and reckless conduct, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

      Respectfully submitted,

      JAMES LEE
      Deputy General Counsel

      GWENDOLYN YOUNG REAMS
      Associate General Counsel

      EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
      131 M ST. NE
      WASHINGTON, DC  20507

      /s/Gregory M. Gochanour
      Gregory M. Gochanour
      Regional Attorney

/s/Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

/s/Laurie Elkin
Laurie Elkin
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
CHICAGO DISTRICT OFFICE
500 WEST MADISON STREET
SUITE 2000
CHICAGO, ILLINOIS 60661
(312) 869-8116

/s/Carrie Vance
Carrie Vance
Trial Attorney

MILWAUKEE AREA OFFICE
310 WEST WISCONSIN AVENUE
SUITE 500
MILWAUKEE, WISCONSIN 53203
(414) 297-1130