## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,                              Case No. 3:17-cv-739

v.

WAL-MART STORES, INC. and
WAL-MART STORES EAST, LP,

       Defendants.
_____

### ANSWER AND AFFIRMATIVE DEFENSES
_____

Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (the "Defendants"), by way of undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Wisconsin, hereby set forth the following as and for their Answer and Affirmative Defenses to the Complaint filed by the Equal Employment Opportunity Commission ("EEOC"), on behalf of Paul Reina, denying each and every allegation of said Complaint, except, and only to the extent, as is herein expressly admitted or qualified:

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**Answer:** Defendants admit that the present action seeks to assert claims under the American with Disabilities Act (the "ADA"), but deny the allegations contained in Paragraph 1,

1

to the extent that they suggest that Defendants, in any way, either are liable to the EEOC or violated Mr. Reina's rights under the ADA.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Wisconsin

**Answer:** Defendants admit that the city of Beloit, Wisconsin, where Mr. Reina was employed, is within the jurisdiction of the Western District of Wisconsin, but deny the allegations contained in Paragraph 2, to the extent that they suggest that Defendants, in any way, either are liable to the EEOC or violated Mr. Reina's rights under the ADA.

## PARTIES AND OTHER PERSONS

3. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

**Answer:** Defendants admit that the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, but deny the allegations contained in Paragraph 3, to the extent that they suggest that Defendants, in any way, either are liable to the EEOC or violated Mr. Reina's rights under the ADA.

4. At all relevant times, Wal-Mart Stores, Inc. has continuously been and is now a Delaware corporation that operates numerous stores throughout the nation, including Store #2532 located at 2785 Milwaukee Road in Beloit, Wisconsin. Wal-Mart Stores, Inc. has continuously been and is now doing business in the State of Wisconsin and the City of Beloit, and has continuously had at least fifteen (15) employees.

**Answer:** Defendant Wal-Mart Stores, Inc. admits the allegations contained in Paragraph 4.

5. At all relevant times, Wal-Mart Stores, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

**Answer:** Defendant Wal-Mart Stores, Inc. admits that it has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h), but denies the allegations contained in Paragraph 5, to the extent that they suggest that Defendant, in any way, either is liable to the EEOC or violated Mr. Reina's rights under the ADA.

6. At all relevant times, Wal-Mart Stores, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**Answer:** Defendant Wal-Mart Stores, Inc. admits that it has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2), but denies the allegations contained in Paragraph 6, to the extent that they suggest that Defendant, in any way, either is liable to the EEOC or violated Mr. Reina's rights under the ADA.

7. At all relevant times, Wal-Mart Stores East, LP, has continuously been and is now a general limited partnership registered in Delaware that operates numerous stores throughout the nation, including Store #2532 located at 2785 Milwaukee Road in Beloit, Wisconsin. Wal-Mart Stores East, LP has continuously been and is now doing business in the State of Wisconsin and the City of Beloit, and has continuously had at least fifteen (15) employees.

**Answer:** Defendant Wal-Mart Stores East, LP admits the allegations contained in Paragraph 7.

8. At all relevant times, Wal-Mart Stores East, LP has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

**Answer:** Defendant Wal-Mart Stores East, LP admits that it has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h), but denies the allegations contained in Paragraph 8, to

the extent that they suggest that Defendant, in any way, either is liable to the EEOC or violated Mr. Reina's rights under the ADA.

9. At all relevant times, Wal-Mart Stores East, LP has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**Answer:** Defendant Wal-Mart Stores East, LP admits that it has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2), but denies the allegations contained in Paragraph 9, to the extent that they suggest that Defendant, in any way, either is liable to the EEOC or violated Mr. Reina's rights under the ADA.

10. At all relevant times, Reina was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8).

**Answer:** Defendant denies the allegations contained in Paragraph 10.

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Paul Reina filed a charge with the EEOC alleging violations of the ADA by Wal-Mart against Reina.

**Answer:** Defendants admit that Plaintiff filed a charge of discrimination with the Commission alleging a violation of the ADA by Wal-Mart, but denies all other allegations contained in Paragraph 11, to the extent that they suggest that Defendant, in any way, either is liable to the EEOC or violated Mr. Reina's rights under the ADA.

12. On March 16, 2017, the EEOC issued to Wal-Mart a Letter of Determination finding reasonable cause to believe that the ADA was violated.

**Answer:** Defendants admit the allegations contained in Paragraph 12, but deny that the EEOC's finding had any basis in fact or law.

13. On March 16, 2017, the EEOC invited Wal-Mart to engage in informal conciliation efforts to eliminate the practices found unlawful and provide appropriate relief.

**Answer:** Defendants admit the allegations contained in Paragraph 13 regarding an invitation from the EEOC to engage in conciliation efforts, but deny any allegation or inference that Defendants' actions in connection with this matter were in any way unlawful.

14. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

**Answer:** Defendants admit the allegations contained in Paragraph 14 regarding Defendants' communications with the EEOC, but deny the allegations contained in Paragraph 14, to the extent that they suggest that Defendants, in any way, either are liable to the EEOC or violated Mr. Reina's rights under the ADA.

15. By letter dated August 16, 2017, the EEOC informed Wal-Mart that it was unable to secure a conciliation agreement acceptable to the EEOC. All conditions precedent to the institution of this lawsuit have been fulfilled.

**Answer:** Defendants admit that the EEOC informed them that it was unable to secure a conciliation agreement acceptable to the Commission on August 16, 2017, but deny all remaining allegations in Paragraph 15 as vague, ambiguous, and confusing, to the extent that they suggest that Defendants, in any way, either are liable to the EEOC or violated Mr. Reina's rights under the ADA.

16. Mr. Reina has a developmental delay, a visual impairment, anxiety, and is deaf. These impairments limit his major life activities, including but not limited to, learning, seeing, concentrating, communicating, and hearing, constituting "disabilities" under Section 3 of Title I of the ADA, 42 U.S.C. § 12102.

**Answer:** Defendants admit, upon information and belief, that Mr. Reina appears to suffer from the conditions listed in the allegations contained in Paragraph 16, but deny that those are all the conditions Mr. Reina suffers from, and deny all other allegations contained in Paragraph 16 on the grounds that those allegations are legal conclusions and/or medical diagnoses.

17. At all relevant times, Mr. Reina could perform the essential functions of a Cart Pusher with a reasonable accommodation, and was a "qualified individual" within the meaning of Section 101(8) of Title I of the ADA, 42 U.S.C. § 12111(8).

**Answer:** Defendants deny the allegations contained in Paragraph 17.

18. Mr. Reina began working for Wal-Mart in Beloit, Wisconsin as a Cart Pusher in January 1999 and performed his duties successfully, with reasonable accommodations, until June 2015. During those sixteen and one half years, Mr. Reina received multiple pay raises and satisfactory performance reviews, with ratings of "meets expectations" or above.

**Answer:** Defendants admit that Mr. Reina started working for Wal-Mart in 1999, but deny all other allegations contained in Paragraph 18.

19. On or about June 10, 2015, Jeff Scheurell began working as the Store Manager for Wal-Mart at it Beloit, Wisconsin location.

**Answer:** Defendants admit the allegations contained in Paragraph 19.

20. On June 12, 2015, Mr. Scheurell called a meeting with Ms. Roseann Slaght, Mr. Reina's legal guardian, and informed her that in order to be deemed fit to work, Reina must fill out a new request for reasonable accommodations that included medical information. Mr Scheurell also informed Ms. Slaght that Reina would be placed on a paid suspension until the documentation was completed.

**Answer:** Defendants admit that Mr. Scheurell met with Mr. Reina's legal guardian, but deny all other allegations contained in Paragraph 20.

21. Mr. Reina's disabling conditions had not changed since January 1999 and he had no need for any reasonable accommodations in June 2015 aside from those accommodations that had been in place since January 1999.

**Answer:** Defendants deny the allegations contained in Paragraph 21.

22. Ms. Slaght submitted a new packet of requests for reasonable accommodations paperwork to Scheurell on July 9, 2015. The paperwork included a physician-signed statement of Mr. Reina's impairments, his limitations, and his need for the accommodation of a job coach to aid his seeing and hearing.

**Answer:** Defendants admit that Mr. Reina's legal guardian provided some paperwork to Mr. Scheurell, but deny all other allegations contained in Paragraph 22.

23. Ms. Slaght subsequently emailed the Wal-Mart employee helpline through Reina's account on the online employee portal on two occasions, but received no response from Wal-Mart.

**Answer:** Defendants deny the allegations contained in Paragraph 23.

24. Mr. Reina's access to his account on the online employee portal was denied beginning August 1, 2015.

**Answer:** Defendants deny the allegations contained in Paragraph 24.

25. Mr. Reina's Service Coordinator at the ARC Association of Winnebago, Boone and Ogle Counties, Matthew Metheny, contacted Wal-Mart by telephone to inquire about the status of Reina's employment and Reina's request for reasonable accommodations on June 22, 2015, July 7, 2015, and July 21, 2015. Mr. Metheny also emailed Wal-Mart. Wal-Mart did not respond to any of Mr. Metheny's communications.

**Answer:** Defendants deny the allegations contained in Paragraph 25.

26. Wal-Mart paid Mr. Reina for only two weeks of his suspension. Mr. Reina has never been paid beyond the first two weeks of his suspension.

**Answer:** Defendants admit the allegations contained in Paragraph 26.

27. Wal-Mart's repeated failures to respond to the communications of Ms. Slaght and Mr. Metheny halted the interactive process.

**Answer:** Defendants deny the allegations contained in Paragraph 27.

28. Wal-Mart's insistence that Reina take a suspension until a new, but unnecessary, request for accommodations was finalized, coupled with Wal-Mart's halt of the interactive process, made a return to work impossible for Mr. Reina, denying him employment.

**Answer:** Defendants deny the allegations contained in Paragraph 28.

29. As alleged in Paragraph Nos. 16-28, Wal-Mart failed to accommodate Mr. Reina and effectively terminated him because of his disability in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b).

**Answer:** Defendants deny the allegations contained in Paragraph 29.

30. The effect of the practices complained of in Paragraph Nos. 16 - 28 has been to deprive Mr. Reina of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability in violation of Title I of the ADA, 42 U.S.C. § 12112.

**Answer:** Defendants deny the allegations contained in Paragraph 30.

31. The unlawful employment practices complained of above were intentional.

**Answer:** Defendants deny the allegations contained in Paragraph 31.

32. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Reina.

**Answer:** Defendants deny the allegations contained in Paragraph 32.

### AFFIRMATIVE DEFENSES

Pleading further, Defendants set forth the following affirmative defenses to Plaintiff's Complaint, hereby reserving its right to amend this Answer and Affirmative Defenses to assert any additional affirmative defenses discovered as a result of its own investigation and/or formal discovery in the above-captioned civil action. Defendants reserve the right to amend, and/or raise additional defenses as may become known through investigation or otherwise.

1. As and for their First Affirmative Defense, Defendants allege, upon information and belief, that Mr. Reina is not a qualified individual with a disability, as required by the American with Disabilities Act.

2. As and for their Second Affirmative Defense, Defendants allege that Defendants acted at all relevant times with a legitimate, non-discriminatory reason.

3. As and for their Third Affirmative Defense, Defendants state that Plaintiff's claims are barred by the fact that Mr. Reina's purported disability was not a motivating factor in any decision made concerning his employment status or any terms and conditions of his employment.

4. As and for their Fourth Affirmative Defense, Defendants allege that, to the extent Plaintiff establishes that Mr. Reina suffers from a "disability" within the meaning of the ADA and that the Defendants took an adverse employment action against him on the basis of said disability, the Defendants are not liable under the ADA to the extent that: (a) he never requested a "reasonable accommodation," within the meaning of the ADA; (b) the Defendants were not aware of the

8

existence of any such "reasonable accommodation"; (c) no such "reasonable accommodation" existed that would not have posed an "undue hardship," within the meaning of the ADA, on the Defendants; and (d) even with a reasonable accommodation, Mr. Reina could not perform the essential functions of his position.

5. As and for their Fifth Affirmative Defense, Defendants state that Plaintiff's claims on behalf of Mr. Reina are barred in whole and/or in part by his own acts and/or omissions, which are the proximate cause of and/or contributed in whole and/or in part to the loss and/or damages claimed in the Complaint.

6. As and for their Sixth Affirmative Defense, Defendants state that to the extent the EEOC proves that Defendants took any tangible adverse employment action against Mr. Reina due to any impermissible factor, Defendants would have taken the same action in the absence of any impermissible motivating factor.

7. As and for their Seventh Affirmative Defense, Defendants state that to the extent Mr. Reina failed to exhaust administrative remedies and/or Plaintiff failed to file the instant action within the time allotted by the applicable statute of limitations or otherwise failed to meet or adhere to jurisdictional prerequisites, this District Court lacks jurisdiction over this matter, and hence, should dismiss this matter.

8. As and for their Eighth Affirmative Defense, Defendants state that to the extent the Complaint raises claims and allegations which are outside the scope of the administrative complaint connected to this matter or were otherwise not raised in an administrative complaint but were required to be raised in an administrative complaint, this District Court lacks jurisdiction over those claims and allegations, and hence, should dismiss those claims and allegations.

9.      As and for their Ninth Affirmative Defense, Defendants state that Plaintiff is not entitled to any relief or damages, including punitive damages, compensatory damages, prejudgment interest, costs, penalties, or attorney's fees

10.     As and for their Tenth Affirmative Defense, Defendants state that the EEOC cannot recover certain damages on behalf of Mr. Reina against Defendants, to the extent Mr. Reina has failed to mitigate his damages.

**WHEREFORE,** Defendants respectfully request that the matter be dismissed with prejudice and that Defendants be awarded their costs and attorney's fees.

Dated at Milwaukee, Wisconsin this 20th day of November, 2017.

*s/ Emery K. Harlan, Esq.*
Emery K. Harlan, Esq.
State Bar No. 1000240
MWH LAW GROUP LLP
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353
Fax: (414) 436-0354
Email: emery.harlan@mwhlawgroup.com

MWH LAW GROUP LLP
Emery K. Harlan, Esq., State Bar No. 1000240
Warren E. Buliox, Esq., State Bar No. 1056215
Carlos R. Pastrana, Esq., State Bar No. 1088286
735 N. Water St., Suite 610
Milwaukee, WI 53202
Phone: (414) 436-0353
Fax: (414) 436-0354

**COUNSEL FOR DEFENDANTS**