UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

                                                Case No.: 3:17-cv-000739-bbc

v.

WAL-MART STORES, INC.
WAL-MART STORES EAST, L.P.

        Defendants.

---

## JOINT RULE 26(F) CONFERENCE REPORT

---

Plaintiff's Counsel, Laurie S. Elkin, Esq. and Carrie Vance, Esq., and Defendant's Counsel, Emery K. Harlan, Esq., Warren E. Buliox, Esq. and Carlos R. Pastrana, Esq. of MWH Law Group LLP, having conferred pursuant to FED. R. CIV. P. 26(f), and pursuant to the Court's November 21, 2017 Standing Order Governing Preliminary Pretrial Conferences, submit the following joint report:

1. **Nature of Case**

Plaintiff alleges claims under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991 that defendant has engaged in unlawful discrimination on the basis of disability by failing to accommodate and discharging Paul Reina ("Reina"), a qualified individual with a disability. Plaintiff alleges Reina was adversely affected by such practices. Plaintiff seeks appropriate relief for Reina as well as injunctive relief. Further, the Plaintiff alleges that this Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. Defendant denies Plaintiff's allegations and maintains that it did not discriminate against Reina.

**2. Material Factual and Legal Issues to be Resolved at Trial**

Whether Defendants discriminated against Charging Party on the basis of disability by failing to accommodate him and discharging him, in violation of the Americans With Disabilities Act; whether Charging Party was a qualified individual with a disability; damages and injunctive relief.

**3. Possibility of Prompt Resolution or Settlement**

The Parties have explored the possibility of settlement and, at this juncture, settlement does not appear to be likely.

**4. Initial Disclosures under RULE 26(a)**

The Parties shall exchange initial disclosures on or before January 31, 2018. The Parties do not otherwise anticipate changing the timing, form or requirement for disclosures under Rule 26(a).

**5. Electronic Discovery**

The Parties will meet and confer to agree upon terms for the disclosure of any Electronically-Stored Information, prior to the production of any such information.

**6. Preserving Discoverable Information**

The Parties agreed to make any and all necessary efforts to preserve all discoverable information. The Parties will discuss and jointly agree to a Protective Order governing the confidentiality, disclosure, use, and disposal of information exchanged between the Parties during the course of discovery.

**7. Amending Pleadings**

The Parties do not currently contemplate amending the pleadings. However, the Parties shall name additional parties and amend their pleadings without leave of the court on or before March 30, 2018.

8. **Proposed Discovery Plan**

   (a) <u>Subjects on which discovery may be needed</u>:

   i. Liability

   ii. Damages

   iii. All subjects reasonably related to the pleadings.

The Parties anticipate that discovery may include written interrogatories, requests for production of documents, requests for admissions, lay witness depositions and expert witness depositions.

   (b) <u>Depositions</u>:

   Both Parties anticipate conducting depositions.

   (c) <u>Completion of Discovery</u>:

   The Parties estimate that discovery shall be completed by September 28, 2018.

   (d) <u>Limitations on Discovery</u>:

   The Parties agree that the timing, extent and limitations on discovery shall be those set forth in the FEDERAL RULES OF CIVIL PROCEDURE and the Court's local rules and by the Court's customary Scheduling Order. Both Parties reserve the right under FED. R. CIV. P. 30(a) to move for additional fact depositions or interrogatories.

9. **Any other orders that should be entered under RULE 26(c) or under RULE 16(b) and (c):**

   (a) Plaintiff shall provide its initial itemization of damages as part of its Rule 26 disclosures by January 31, 2018.

(b) Discovery in this matter shall be completed on or before September 28, 2018.

(c) Dispositive motions shall be filed, and served by August 1, 2018; response briefs shall be filed and served within thirty (30) days of service; reply briefs shall be filed and served within fifteen (15) days of service of response briefs.

(d) Rule 26(a)(3) submissions, deposition designations, motions in limine, proposed voir dire, jury instructions and verdict forms shall be filed on or before November 2, 2018.

(e) The Plaintiff proposes that the Final Pretrial Conference be held at 9:00am on November 15, 2018. The Defendants request that the Court schedule a Final Pretrial Conference after the holiday shopping season (November 1st – January 2nd) due to the high labor demands on employees in the retail industry during the holiday shopping season.

(f) The Plaintiff proposes that the trial in this matter commence on December 17, 2018. The Defendants request that the Court schedule the trial in this matter after the holiday shopping season (November 1st – January 2nd) due to the high labor demands on employees in the retail industry during the holiday shopping season.

(g) The Parties agree that an order pursuant to Federal Rule of Evidence 502(d) would be appropriate in this matter.

(h) The Parties have not agreed upon the location of any Federal Rule of Civil Procedure 30(b)(6) and/or expert depositions.

**10. Motions Contemplated**

Defendant intends to file a motion for summary judgment and believes that the case will be disposed of through the same.

Plaintiff intends to oppose Defendant's motion for summary judgment. Plaintiff may also file a motion for summary judgment as well as motions in limine.

## 11. Estimated Length of Trial

The Parties estimate that a trial, if any, will last approximately four (4) days.

## 12. Jury Trial Requested

Plaintiff has demanded a jury of twelve (12) as to all triable issues.

## 13. Statement of the Parties Conferring

The Parties have conferred regarding the Court's Standing Order Governing Preliminary Pretrial Conferences.

Dated this 20th day of December, 2017.

    Laurie S. Elkin
    Trial Attorney
    (IL Bar # 6210523)
    Email: laurie.elkin@eeoc.gov

    *s:/Carrie Vance*
    Carrie Vance
    Trial Attorney
    (WI Bar # 1056606)
    Email: carrie.vance@eeoc.gov

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    Chicago District Office
    500 West Madison Street
    Suite 2000
    CHICAGO, ILLINOIS 60661
    (312) 869-8116

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    Milwaukee Area Office
    310 West Wisconsin Avenue – Suite 500

Milwaukee, WI 53203-2292
Telephone: (414) 297-1130
Fax: (414) 297-3146

**COUNSEL FOR PLAINTIFF**


*s/Carlos Pastrana*
Emery K. Harlan
State Bar No. 1000240
Warren E. Buliox
State Bar No. 1056215
Carlos R. Pastrana, Esq.
State Bar No. 1028189
735 N. Water Street, Suite 610
Milwaukee, WI 53202
(414) 436-0353 Phone
(414) 436-0354 Facsimile
emery.harlan@mwhlawgroup.com
warren.buliox@mwhlawgroup.com
carlos.pastrana@mwhlawgroup.com

**COUNSEL FOR DEFENDANT**