IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                              Plaintiff,

  v.

WAL-MART STORES, INC. and
WAL-MART STORES EAST, LP,

                             Defendant.

OPINION and ORDER

17-cv-739-jdp

---

Plaintiff Equal Employment Opportunity Commission (EEOC) is proceeding on a claim under the Americans with Disabilities Act, 42 U.S.C. § 12112(a) et seq., that defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (Wal-Mart) failed to provide one of its cart pushers, Paul Reina, with a permanent job coach as a reasonable accommodation and terminated Reina's employment because of his disabilities. After Judge Crabb entered an order denying Wal-Mart's motion for summary judgment on December 18, 2018, Dkt. 65, the case was transferred to me, Dkt. 66. Wal-Mart now asks that the court reconsider the summary judgment order under Rule 54(b), Dkt. 72, or certify that an interlocutory appeal may be taken from the order and stay all proceedings pending appeal, Dkt. 70.

For the reasons explained below, both motions will be denied.

ANALYSIS

**A. Motion for Reconsideration**

Motions for reconsideration serve limited purposes: to correct manifest errors of law or fact, or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus.,*

*Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). This principle applies with even more force when a party is asking a new judge to reconsider the ruling of the previous judge. *Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005) ("Although the second judge may alter previous rulings if he is convinced they are incorrect, he is not free to do so merely because he has a different view of the law or facts from the first judge.") (internal quotations and alterations omitted).

In its motion for reconsideration, Wal-Mart repeats the same arguments that it made in support of its motion for summary judgment, contending that the court erred in concluding that a full-time, permanent job coach for Reina was not necessarily an unreasonable accommodation under the ADA. But Wal-Mat fails to cite any further evidence or legal authority that undermines Judge Crabb's conclusion.

As it did on summary judgment, Wal-Mart relies on a few older decisions by other district courts concluding that a permanent job coach is not a reasonable accommodation as a matter of law. It also points out that the Seventh Circuit has made clear that requiring an employer to provide a "job helper" is not a reasonable accommodation insofar as it requires another person to perform an essential function of the employee's job. *See e.g. Peters v. City of Mauston*, 311 F3d 835, 845 (7th Cir. 2002) (employee's request for someone to do heaviest lifting for him was unreasonable accommodation). But as Judge Crabb explained, there is limited published case law on this subject, and the Court of Appeals for the Seventh Circuit has not adopted a per se rule regarding permanent job coaching.

Wal-Mart also suggests that the court misapplied EEOC guidance by failing to consider a footnote that states that a "[a] job coach is a professional who assists individuals with severe disabilities with job placement and job training," both of which are temporary services. EEOC

Notice No. 915.002 at n.63 (Mar. 25, 1997).[1] However, as discussed in the summary judgment order, EEOC's interpretive and enforcement guidance does not address expressly or with any certainty whether a permanent job coach—particularly one not paid for or hired by the employer—may be a reasonable accommodation. More important, a review of the case law shows that the issue turns not on the distinction between permanent and temporary job coaching, but rather on the type and amount of assistance provided by the job coach and the abilities of the employee in question.

In this case, factual questions remain about both the essential functions of Reina's position and the amount of assistance that Reina needed to perform those functions. These factual questions make it impossible to determine at this stage whether Reina is a qualified individual with a disability or whether a permanent job coach would be a reasonable accommodation in his case. Wal-Mart contends that none of these disputes preclude summary judgment because it is clear that Reina had severe limitations and needed at least some level of permanent assistance, making him unqualified for his position as cart pusher. Even if the court of appeals were ultimately to issue a per se rule that a permanent job coach is not a reasonable accommodation, the court of appeals would find it helpful to consider the matter on a fully developed factual record. The bottom line is that Judge Crabb committed no manifest error when she concluded that factual disputes must be resolved before reaching a final decision on the reasonable accommodation issue.

---

[1] Available at https://www.eeoc.gov/policy/docs/psych.html.

**B. Motion to Certify Interlocutory Appeal**

The court's December 18, 2018 order is not a final order, so Wal-Mart can appeal that decision now only under limited circumstances. Specifically, a district court may certify a nonfinal order for an interlocutory appeal if: (1) "there is substantial ground for difference of opinion" as to a controlling question of law; and (2) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The second requirement is not satisfied here.

There is room for reasonable disagreement about whether a permanent job coach can be a reasonable accommodation under the ADA as a point of law. But, as explained above, the factual record of this case is not yet fully developed so it does not make much sense to take an appeal of the legal point now. There is a good chance that an appeal will only delay the resolution of the case. So Wal-Mart has not shown that an immediate appeal will materially advance the ultimate termination of this litigation, and I will not certify that Wal-Mart may take an interlocutory appeal from the December 18, 2018 order denying summary judgment.

ORDER

IT IS ORDERED that:

1. Defendants' motion for reconsideration of the December 18, 2018 order denying their motion for summary judgement, Dkt. 72, is DENIED.

2. Defendants' motion for leave to file an interlocutory appeal from that order, Dkt. 70, is DENIED.

Entered March 14, 2019.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge