IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                                                                                              FINAL PRETRIAL
                                                                                             CONFERENCE ORDER

                      Plaintiff,

v.                                                                                                  17-cv-739-jdp

WAL-MART STORES, INC. and
WAL-MART STORES EAST, LP,

                      Defendants.

---

The court held a final pretrial conference on October 2, 2019, before United States District Judge James D. Peterson. This order summarizes the rulings made at the conference, and it provides further information about the conduct of trial.

**A. Trial Logistics**

Counsel predicted that the case would take four days to try. The trial will not be bifurcated because the evidence related to damages would not be highly prejudicial to Walmart during the liability phase of trial. Accordingly, counsel should be aware that the trial may not take four days.

The jury will consist of eight jurors to be selected from a qualified panel of 14. Each side will exercise three peremptory challenges against the panel.

Trial days will begin at 9:00 a.m. and will run until 5:30 p.m., with at least an hour for lunch, a short break in the morning, and another in the afternoon. Counsel may be required to be in court earlier than 9:00 a.m. to address matters without the presence of the jury. On the first day of trial, counsel are directed to appear at 8:00 a.m. The court will adjust the schedule if necessary.

Counsel indicated that they have been and will be cooperating with respect to witness and exhibit disclosures. Unless counsel agree otherwise, each side must inform the other which exhibits it intends to use during opening statements by 5:00 p.m. on Friday, October 4. The court will rule on any objections before trial on Monday, October 7. Unless counsel agree otherwise, for each trial day, counsel must disclose the witnesses to be called, and the order in which they will be called, by 6 p.m. of the business day before.

Counsel should ensure that electronic copies of all exhibits and deposition transcripts (in condensed form) are filed with the court before the start of trial.

B. **EEOC's motions in limine**

1. **Motion to introduce Walmart Rule 30(b)(6) deposition testimony in summary form as party admissions.**

This motion will be denied.

The EEOC seeks an order deeming 11 factual summaries of Julie Repka's Rule 30(b)(6) deposition testimony as admissions of fact. The testimony is not so voluminous as to require a summary under Fed. R. Evid. 1006. Repka testified on behalf of Walmart, but her statements are merely evidentiary admissions admissible under Fed. R. Evid. 801(d)(2). *Keller v. United States*, 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995) ("When a party testifying at trial or during a deposition admits a fact which is adverse to his claim or defense, it is generally preferable to treat that testimony as solely an evidentiary admission."); *First Fin. Bank, N.A. v. Bauknecht*, 71 F. Supp. 3d 819, 831–32 (C.D. Ill. 2014) (citing *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996)).

2. **Motion to present Walmart's answer, discovery responses, and EEOC submissions in summary form as party admissions.**

The EEOC's second motion is related to the first, and I am denying it for the same reasons as the EEOC's motion no. 1.

3. **Motion for court order holding that EEOC has satisfied all necessary jurisdictional prerequisites and does not need to introduce evidence of them at trial.**

This motion will be granted subject to one condition. Walmart has questioned the validity of the EEOC charge signed and sworn by Paul Reina, who was unable to swear an oath or affirmation at his attempted deposition. The parties have until Friday, October 4, 2019 to work out the matter between them. By 5:00 p.m., they will inform the court which option they will take: either (1) the EEOC will correct any defect with the charge; or (2) Walmart will waive any objection to the charge.

4. **Motion to preclude Walmart managers Jeffery Scheuerell, Julie Repka, and Reginald Coffin from testifying as to their understanding of the reasons Walmart suspended Reina.**

The motion will be granted as to Repka and Coffin because they testified at their depositions that they had no personal knowledge about the employment decisions regarding Reina. I will deny the motion as to Scheuerell, who testified that he did not remember who was involved in the decision making regarding Reina. Scheuerell can testify on the subject if Walmart can establish the proper foundation at trial.

5. **Motion to exclude evidence that Reina was a direct threat to himself or others.**

This motion will be granted. Walmart argues that a qualified individual is one who can "safely perform" the essential functions of his job. But federal regulations and courts in this circuit consider concerns over safe performance to be a component of the direct threat defense.

*See* 29 C.F.R. § 1630.2(r) ("The determination that an individual poses a "direct threat" shall be based on an individualized assessment of the individual's present ability to safely perform the essential functions of the job."); *Felix v. Wis. Dept. of Transp.*, 828 F.3d 560, 569 (7th Cir. 2016) (citing 29 C.F.R. § 1630.2(r)) ("The direct threat defense 'requires an individualized assessment, based on reasonable medical judgment, of an employee's present ability to safely perform the essential functions of his job.'"); *Equal Employment Opportunity Comm'n v. Amsted Rail Co.*, 280 F. Supp. 3d 1141, 1157 (S.D. Ill. 2017) (finding same and citing *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 86 (2002)). The direct threat defense "must rely on objective, factual evidence—not on subjective perceptions, irrational fears, patronizing attitudes, or stereotypes—about the nature or effect of a particular disability, or of disability generally." 29 C.F.R. Pt. 1630, App. § 1630.2(r). Walmart has disavowed the direct threat defense in this case.

The Court of Appeals for the Seventh Circuit has held that in the wake of a disruptive incident or unsafe conduct by an employee, an employer may be able to fire an employee or seek a professional assessment of the employee's qualifications for continued employment without invoking the direct threat defense. *Felix*, 828 F.3d at 570. But Walmart did not terminate Reina as a result of a past disruptive incident. It took no action after the 2012 incident, and it has no admissible evidence that there actually was any incident in 2015. Walmart's forward-looking assessment of any safety risk related to Reina's impairments falls within the direct threat framework and not the qualified individual framework. *See id.* at 570-72 ("[W]hen an employee's disability has actually resulted in conduct that is intolerable in the workplace, the direct-threat defense does not apply: the case is no longer about potential but rather actual dangers that an employee's disability poses to herself and others."). Walmart will

not be allowed to argue that Reina was not a qualified worker because he could not safely perform the essential functions of his job.

6. **Motion to preclude argument that Reina's job coaches might expose Walmart to wage and hour issues and potential negligence claims.**

This motion will be granted as to Repka's and Scheuerell's testimony that they were concerned that Walmart may face wage and hour issues by allowing Reina to work with an unpaid job coach. The wage and hour concerns are entirely speculative, so they are not probative of Repka's and Scheuerell's intent or whether potential wage and hour issues posed an undue hardship for Walmart. The motion will be denied as to evidence that Repka's and Scheuerell's other concerns posed by Reina's job coach, such as potential negligence claims or negative interactions with Walmart customers.

7. **Motion to preclude Walmart from arguing that it employed other individuals with disabilities who did not allege discrimination.**

This motion will be granted for the reasons stated at the hearing.

8. **Motion to exclude Scheuerell's testimony that his "practices and expectations" are that job coaches are temporary**

This motion will be granted for the reasons stated at the hearing.

9. **Motion to admit exhibits based on declarations executed pursuant to Fed. R. Evid. 902.**

This motion will be granted. The EEOC may introduce the City of Beloit Police Department report of the 2012 incident between Reina and Coppernoll under Fed. R. Evid. 803(8)(A)(iii). The reporting officer's statement that the incident resulted in a disposition of "unfounded" would fall within the exception to the hearsay rule. *See Jordan v. Binns*, 712 F.3d 1123, 1133 (7th Cir. 2013). The EEOC wants the report for the officer's conclusion, but the report also contains hearsay statements by involved parties, which would not be covered by the

exception. But both of the involved parties will be testifying at trial, so there is no need to redact their statements. Walmart does not oppose the admission of the department's declaration stating that there is no police record of a 2015 incident, a declaration from Dr. Susan Lewinski in lieu of her live testimony certifying that an accommodation medical questionnaire form bears her signature, or the accommodation medical questionnaire form Dr. Lewinski completed.

### 10. Motion to admit deposition testimony of Rule 30(b)(6) witness, Walmart's agents and managers, and unavailable witnesses.

The EEOC wants to use some depositions in its case-in-chief without calling deponents as the witnesses. The motion will be granted with one exception. And Walmart will be allowed counter-designations for the depositions that are admitted.

The exception is Ann Adamczyk, who was a personal shopper and not in a managerial position at the time of her deposition. So her statements are not party admission under Fed. R. Evid. 801(d)(2). Under Rule 801(d)(2)(D), an employee's statements are admissible against her employer if they were made "on a matter within the scope of that relationship and while it existed." And Fed. R. Civ. P. 32(a)(3) does not provide an alternative basis for admitting the deposition. So Adamczyk's deposition may be used only for impeachment as provided in Fed. R. Civ. P. 32(a)(2).

### 11. Motion to exclude evidence of three third-party witnesses' prior drug use or misdemeanor convictions.

This motion will be granted. Although Walmart seeks to introduce evidence that one of Reina's job coaches was fired from a previous job for alleged misconduct and has refused to provide any details about the reasons why, this evidence is too old, confusing, and unfairly prejudicial.

6

12. **Motion to exclude testimony concerning whether one witness believes another witness's testimony.**

This motion will be granted as unopposed.

13. **Motion to exclude previously undisclosed discovery or witnesses.**

This motion will be granted.

14. **Motion to preclude Walmart from making disparaging remarks about the EEOC.**

This motion will be granted.

15. **Motion to limit expert testimony of Dr. Michael Shapiro (Dkt. 84).**

This motion will be granted as to Dr. Shapiro's opinion that "due to Paul's legal blindness, as well as his other sensory defects, he needs careful monitoring in any environment that could pose a potential risk to him or others." Dkt. 115 at 2. Walmart has not shown that Dr. Shapiro had the adequate education, skill, or training to reach these conclusions. Dr. Shapiro will be allowed to offer his opinion on the nature and extent of Reina's vision problems.

16. **Motion to Quash subpoena duces tecum issued to interpreting service (Dkt. 123) and preclude trial testimony of four interpreters present at Reina's attempted deposition (Dkt. 137 at 2).**

These motions will be granted in light of the court's previous rulings on the use of the video recording of Reina's attempted deposition and because the subpoena duces tecum seeks untimely discovery and the witnesses were not disclosed in accordance with Fed. R. Civ. P. 26.

17. **Motion to exclude testimony of Dr. Frederick McNelly, Ph.D. and any of his records (Dkt. 137 at 4).**

This motion will be granted. Walmart failed to properly disclose Dr. McNelly as an expert or provide a summary of the facts and opinions to which he is expected to testify, *see*

Fed. R. Civ. P. 26(a)(2)(C), but his 2000 psychological evaluation of Reina is too remote to be probative of any issue in this case.

C. **Walmart's motions in limine**

1. **Motion to exclude performance evaluations of Paul Reina (Dkt. 93).**

This motion will be denied. The evaluations are probative of the essential functions of Reina's position during most of the 18 years of his employment, as well as whether he was qualified to perform those functions with the accommodation of a full-time job coach.

2. **Motion to exclude evidence regarding any physical or mental condition or harm allegedly caused by Walmart (Dkt. 94).**

This motion will be granted in part. Lay witnesses may testify about what they observed about Reina and his well-being following his suspension from Walmart. Lay witnesses may use generally understood terms such as "anxiety" and "depression." But EEOC may not present evidence that Reina suffers from any medical or psychiatric condition as a result of his termination from Walmart.

3. **Motion to exclude evidence of Walmart's financial worth (Dkt. 95).**

This motion will be denied, but evidence on this topic must be brief and general.

4. **Motion to exclude evidence of Ann Adamczyk's stray discriminatory remark that resulted disciplinary action (Dkt. 96)**

This motion will be granted unless the witness directly opens the door by testifying that she would not or has not made derogatory comments about people with disabilities.

5. **Motion to exclude as evidence of discrimination Walmart's alleged failure to follow internal employment policies (Dkt. 97).**

This motion will be denied for the reasons stated at the hearing.

6. **Motion to exclude pictures of Paul Reina as a child (Dkt. 98).**

This motion will be granted.

7. **Motion to exclude letter of commendation for Reina (Dkt. 99).**

This motion will be granted. The letter recognizing Reina's years of service is not probative of whether Reina was qualified to perform the essential functions of his job.

8. **Motion to exclude any statements made during parties' mediation (Dkt. 100).**

This motion will be denied pursuant to the exception in Fed. R. Evid. 408(b). As explained at the hearing, witnesses may not testify that the statements were made in the context of the parties' mediation.

9. **Motion to allow video of Walmart parking lot and tasks performed by cart pushers (Dkt. 101).**

This motion will be granted. But Walmart may present no more than 10 minutes of the video. This video is demonstrative only and will not be admitted as evidence. Walmart may use the video during its opening statement.

10. **Motion to exclude Matthew Matheny's written notes regarding alleged calls made to Walmart store manager (Dkt. 102).**

This motion will be denied. The notes are admissible as a past recorded recollection and a record of a regularly conducted business activity under Fed. Rs. Evid. 803(5) and (6).

11. **Motion to exclude performance evaluations of Walmart store associates and human resource associates (Dkt. 103)**

This motion will be granted unless one of these witnesses open the door by stating that they have never been accused of discrimination.

12. **Motion for judicial notice of EEOC regulation 29 CFR pt. 1630, App. at § 1630.9 and EEOC guidance Notice No. 915.002 (March 25, 1997) (Dkt. 107).**

This motion will be denied for the reasons discussed at the hearing.

13. **Motion to exclude day-in-the-life videos of Reina (Dkt. 108).**

This motion will be denied, but the video presentation must be limited to 15 minutes in length, including up to three minutes of counter-designation by Walmart. The edited video may include video of one meal, Reina delivering newspapers, Reina pushing a shopping cart, and Reina building a birdhouse. The video may not include any pictures of Reina as a child or youth, shots of his closet, or shots of him swimming or bathing. This video and the video of Reina's attempted deposition will be admissible as evidence but may not be used during opening statements.

D.  *Kolstad* **good-faith defense**

At the final pretrial conference, Walmart expressed its intent to assert a good-faith defense to the claim for punitive damages, as provided in *Kolstad v. Am. Dental Assoc.*, 527 U.S. 526, 545-46 (1999) (if employee establishes malicious or reckless conduct, and a basis for employer liability, the employer may avoid liability for punitive damages by proving "good-faith efforts" to comply with anti-discrimination laws). The EEOC contends that Walmart has forfeited the *Kolstad* good-faith defense because Walmart did not plead it. Dkt. 50, at 41 (EEOC summary judgment opposition brief); Dkt. 136, § 5 (EEOC opposition to Walmart's proposed verdict form). An affirmative defense is waived if not pleaded. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991). But a technical waiver is not fatal if the parties actually litigate the matter. *Id*.

Walmart contends that it properly pleaded the *Kolstad* defense. Dkt. 164, at 3. But its pleading, Dkt. 4, ¶ 9, asserts only the generic denial that the EEOC is not entitled to any relief or damages, "including punitive damages, compensatory damages, prejudgment interest, costs, penalties, or attorney's fees." Walmart's answer does not provide notice that Walmart would

10

assert good-faith compliance with a non-discrimination policy. At the final pretrial conference, Walmart argued that the EEOC actually litigated the good-faith defense because it took discovery on Walmart's non-discrimination policies and the matter was contested on summary judgment. But that does not save Walmart. Discovery on the subject of Walmart's non-discrimination policies is a natural part of the EEOC's case for punitive damages, which requires the EEOC to prove malicious or reckless conduct. And at summary judgment, Walmart moved for summary judgment on the ground that the evidence of record could not support a jury finding of malicious or reckless conduct. Dkt. 22, at 41-42 (Walmart summary judgment brief). In response to the EEOC's waiver argument, Walmart argues that it was not required to plead "lack of entitlement to punitive damages as an affirmative defense." Dkt. 57, at 32. Judge Crabb's summary judgment decision cited the law on punitive damages, including the good-faith defense. But the decision denied Walmart's motion for summary judgment because the facts about Walmart's conduct were disputed; it did not reach the waiver question. Dkt. 65, at 28–29. None of this shows that the parties actually litigated Walmart's good-faith defense to punitive damages. Walmart did not plead the good-faith defense, and Walmart did not assert it at summary judgment.

The court will not include jury instructions or a verdict question on Walmart's good-faith defense. Walmart is entitled to contest the EEOC's evidence that its conduct was malicious or in reckless disregard of Reina's rights. But Walmart may not otherwise present evidence or argument to show that it made good faith efforts to comply with anti-discrimination laws.

ORDER

IT IS ORDERED that:

1. Plaintiff Equal Employment Opportunity Commission's motions in limine, Dkts. 87 and 123, are GRANTED in part and DENIED in part, as set forth above.

2. Plaintiff's motion to limit the testimony of Dr. Michael Shapiro, Dkt. 84, is GRANTED as set forth above.

3. Plaintiff's objection to the testimony and report of Dr. Frederick McNelly, Ph.D., Dkt. 137, is GRANTED.

4. Defendants' motions in limine, Dkts. 93-103 and 107-108, are GRANTED in part and DENIED in part, as set forth above.

Entered October 4, 2019.

                            BY THE COURT:

                            /s/

                            _____
                            JAMES D. PETERSON
                            District Judge