UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    Plaintiff,

vs.

**WAL-MART STORES, INC.** and
**WAL-MART STORES EAST, L.P.,**

    Defendants.

CASE NO. 17-CV-739

---

**DEFENDANTS' REQUEST FOR RECONSIDERATION OF TWO RULINGS IN THE COURT'S FINAL PRETRIAL CONFERENCE ORDER**

---

Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP ("Walmart"), respectfully requests that the Court reconsider two rulings in its Final Pretrial Conference Order.  Specifically, with respect to the Court's ruling in connection with the EEOC's Motion in Limine 6, Walmart requests that it be allowed to offer evidence that Jeff Scheuerell and Julie Repka, were motivated, in part, to report Paul Reina's full time job coach to the corporate office, due to the fact that the job coach had been performing work on Walmart's premises; using Walmart's equipment, which arguably benefit Walmart. This is not speculation, it is fact.  Mr. Reina's job coach, Matt Coppernoll has given sworn deposition testimony that he used Walmart's cart caddy extensively over time, to move carts from the Beloit Store's parking lot to the area within the Store where customers take the carts for shopping. (See Harlan Decl. at Ex. A, Dep pp. 93-96; 100-102; 105-106; 109-110) It is also undisputed that Matt Coppernoll assisted customers in a myriad of ways, including answering questions and assisting Mr. Reina in putting groceries customers' cars. (Harlan Decl. at Ex. A. at pp. 107-108) The question of whether a person performing work that

benefits a business is a statutory employee of that business has been the subject of extensive litigation throughout the years - - including within this Court. *See e.g., Williams v. Wis. Dept of Workforce Dev.,* Case No. 13-CV-794, 2015 U.S. Dist. LEXIS 44084 (W.D. Wis. Apr. 3, 2015) The test applied by the courts is a rather amorphous one that does not lend itself to a black and white determination. *See Riordan v. Kempiners,* 831 F.2d 690, 694 (7th Cir. 1987) As an example, interns have successfully prosecuted wage claims under the FLSA for work performed on behalf of businesses where there was no formalized employer – employee relationship. *Tart v. Lions Gate Entm't Corp.,* Case No. 14-CV-8004, 2015 U.S. Dist. LEXIS 139226 (S.D.N.Y. Oct. 13, 2015). Perhaps Mr. Coppernoll would not stand a chance of prevailing on a claim in the Western District of Wisconsin that he is a statutory employee of Walmart despite the undisputed evidence of the extensive amount of work he performed at Walmart, using Walmart's equipment, that arguably benefit Walmart. But there is no question that Mr. Scheuerell and Ms. Repka, in fact, had a concern that there <u>could</u> be a potential wage and hour issue. Otherwise, it would make no sense that Mr. Scheuerell reported that concern to Walmart's ethics hotline and Ms. Repka spoke to her supervisor about the issue. Further, after reporting their concerns, both Ms. Repka and Mr. Scheuerell were directed to obtain further information about Mr. Reina's working relationship with Matt Coppernoll. As this Court is undoubtedly aware, evidence that a decisionmaker was motivated to take an action by a genuinely held belief - - even if demonstrably proven to be an erroneous, **trivial,** poorly considered, or mistaken one - - is relevant evidence as to the decisionmaker' motives or animus. *See Pitasi v. Gartner Group, Inc*, 184 F.3d 709, 718 (7th Cir. 1999) (poor considered reasons for an employer's actions insufficient to demonstrate improper motives); *Debs v. Northwestern Illinois Univ.,* 153 F.3d 390, 393 (7th Cir. 1998) (an honestly held belief is sufficient to defeat inference of discrimination even if that belief is foolish, trivial or **baseless**.)

Walmart envisions that the EEOC will endeavor to argue that Ms. Repka and Mr. Scheuerell did not have any concern about Mr. Reina and Mr. Coppernoll's working relationship hence there was no reason to look into it. In doing so, they will undoubtedly leverage the Court's ruling preventing Mr. Scheuerell and Ms. Repka from offering their wage and hour concerns as a reason for gathering additional information regarding Mr. Reina and Mr. Coppernoll. In other words, the Court's ruling facilitates the EEOC's arguing Walmart had no reason to look into how Mr. Reina and Mr. Coppernoll were working together and Walmart cannot counter that evidence with the true beliefs and concerns that motivated its managers' conduct. Such a result would be severely prejudicial and manifestly unjust. The EEOC would be free to attack the concern expressed by Mr. Scheuerell and Ms. Repka by attempting to demonstrate that it was speculative or baseless - - but they should not be allowed to make that argument without Walmart's opposing evidence. As the foregoing cases demonstrate, that Ms. Repka's and Mr. Scheuerell's concerns about wage and hourly liability are purportedly speculative, does not mean that those concerns could not be legitimate, non-discriminatory explanations for their actions relative to Mr. Reina and Mr. Coppernoll.

Walmart also asks that the Court reconsider its ruling regarding alleged waiver of the so-called *Kolstad* defense. As the Court notes: "a technical waiver is not fatal if the parties actually litigate the matter." *Bank Leumi Le-Israel, B.M. v. Lee,* 928 F.2d 232, 235 (7th Cir. 1991.)[1] In fact, the parties did litigate both the waiver issue and Walmart's *Kolstad* defense on summary judgment. While the EEOC has anchored its waiver argument on the alleged failure of Walmart to expressly

---

[1] Walmart wishes to make the Court aware of a factually analogous case within this Circuit - - *Morgan v. Speak Easy, LLC,* 625 F.Supp..2d 632, 657 – 58 (N.D. Ill. 2007) where Judge Nolan found that the defendants there did not waive their "good faith" defense to a liquidated damages claim under FLSA despite not expressly raising the defense in its answer and merely alleging: "Plaintiffs have failed to set forth sufficient facts to set forth a claim for liquidated damages and punitive damages against Defendants." Walmart's answer here is virtually identical to the Defendant's answer in that case.

3

set forth the defense in its answer, there is no question that Walmart raised its *Kolstad* defense in its opening Summary Judgment Memorandum. Indeed, not only did Walmart cite the *Kolstad* defense, it also referenced proposed findings of fact relative to its anti-discrimination policies and trainings relating to those policies (Dkt. 22 at p. 41; Dkt. 23 at ¶¶ 11, 12 and 14.)  Moreover, and most significantly, in its summary judgment opposition filing, the EEOC acknowledged that Walmart had asserted a *Kolstad* defense in its opening brief and argued extensively that there was a triable issue as to that defense.  (Dkt. 50 at pp. 39-41.)  Indeed, the EEOC ends its argument regarding punitive damages as follows: "Walmart cannot show as a matter of law that it **acted in good faith** and its motion for summary judgment should be denied." (Dkt. 50 at p. 41) (emphasis added.) Hence, from that date, the EEOC absolutely knew that Walmart was asserting the *Kolstad* defense. This fact is significant, because there were more than two months remaining before the discovery deadline expired. Hence, the EEOC was free to pursue whatever discovery it deemed necessary and appropriate on the *Kolstad* defense that it unquestionably was appraised of.  Of course, the EEOC did not pursue any additional discovery after October 12, 2018 on the punitive damages issue because prior to that date, it had received extensive material from Walmart regarding its anti-discrimination policies and trainings. Indeed, during discovery, Walmart produced a massive amount of documents to the EEOC regarding its discrimination policies and guidelines - - including non-ADA specific anti-discrimination policies (See Harlan Decl. Ex. B.) Further, the EEOC pursued discovery on Walmart's ADA policies, guidelines and trainings through a 30(b)(6) deposition on September 18, 2018.  Most significantly, the EEOC does not claim it was prejudiced by virtue of allegedly learning of Walmart's *Kolstad* defense during the summary judgment.

Based upon the above, undisputed facts and black letter law in this Circuit, Walmart cannot be deemed to have waived its <u>Kolstad</u> defense given that this issue was litigated in front of Judge Crabb. *See Carter v. United States,* 333 F.3d 791, 796 (7th Cir. 2003) ("[t]he failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by defendants delay in assorting it."); *Blaney v. United States,* 34 F.3d 509, 512-13 (7th Cir. 1994) (statute of limitations defense not waived despite defendant's failure to raise the defense in its answer since the issue was addressed in a dispositive motion); *De Valk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 334 (7th Cir. 1987) (technical waiver of affirmative defense is not fatal where the parties actually litigated the defense).

Accordingly, Walmart respectfully requests that this Court revisit its Order denying Walmart's request for a <u>Kolstad</u> good faith instruction. Alternatively, Walmart requests that his Court allow it to present evidence regarding its anti-discrimination polices and training because it is not only relevant as to the issue of punitive damages, but also as to an absence of discriminatory animus. This Court proposes to instruct the jury that it can consider Walmart's employees' alleged failure to follow the Company's policies. If the Court actually allows the EEOC to put on evidence regarding alleged policy violations, it would be unfair to preclude Walmart from offering evidence of the training it mandates as part of an effort to ensure compliance with its policies. Therefore, Walmart respectfully requests that the Court also reconsider the part of its Order barring Walmart from offering any evidence relating to its good faith effort to comply with anti-discrimination laws.

Dated:  October 6, 2019.

                                    Respectfully submitted,
                                    **MWH LAW GROUP LLP**

                                    *s/ Emery K. Harlan*
                                    Emery K. Harlan
                                    Warren E. Buliox
                                    735 N. Water Street, Suite 610

Milwaukee, WI 53202
(414) 436-0353 Phone
(414) 436-0354 Facsimile
emery.harlan@mwhlawgroup.com
warren.buliox@mwhlawgroup.com
**COUNSEL FOR DEFENDANTS**