IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                                     Plaintiff,                    PRELIMINARY
                                                                  INSTRUCTIONS

v.

                                                                   19-cv-739-jdp

WAL-MART STORES, INC. and
WAL-MART STORES EAST, L.P.,

                                    Defendants.

Members of the jury, we are about to begin the trial of the case. Before it begins, I will give you some instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial. This will take about 15 minutes; I will give you written copies of all of my instructions so you will have them when you deliberate.

The party who begins the lawsuit is called the plaintiff. In this case, the plaintiff is the Equal Employment Opportunity Commission, or the "EEOC." The party against whom the suit is brought is called the defendant. In this case, the defendants are Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P.  I will refer to defendants together as "Walmart."

The EEOC is the federal agency responsible for enforcing workplace discrimination laws, including the Americans with Disabilities Act, or "ADA." When a person feels that his or her employer has discriminated against them, that person may

1

file a charge of discrimination with the EEOC. The EEOC has the authority to file a lawsuit and seek remedies against an employer on behalf of the person. Alternatively, the person may file his own lawsuit. In this case, the EEOC is suing on behalf of one of Walmart's employees, Paul Reina, who is an individual with a disability. It does not matter to you that it is the EEOC, rather than Reina himself, who has filed this lawsuit. You should give the same consideration to the case either way.

Reina worked as a cart-pusher at a Walmart store in Beloit. The EEOC contends that Walmart violated the ADA in two ways. First, the EEOC contends that Walmart discriminated against Reina by not accommodating his need for a full-time job coach. Second, the EEOC contends that Walmart terminated Reina based on his disability when it suspended him and did not schedule him for further work hours. Walmart denies that it discriminated against Reina. Walmart contends that Reina is not a qualified individual under the ADA because he could not perform the essential functions of his position and that his request for a full-time job coach was not a reasonable accommodation under the ADA.

Your job, as jurors in this case, will be to decide if Walmart violated the ADA, and what damages, if any, the EEOC is entitled to recover from Walmart for Reina. I will give you more specific instructions about the legal principles that you must apply after you hear the evidence.

## FUNCTIONS OF THE COURT AND THE JURY

One of my duties as the judge in this case is to decide all questions of law and procedure. In these preliminary instructions, during trial, and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you see and hear in court. Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the EEOC has proven that Walmart's conduct violated the law.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. You should not take anything that I say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

## CONDUCT OF THE CASE

The case will proceed as follows:

First, an attorney for each side will make an opening statement. What is said in opening statements is not evidence; it is simply a guide to help you understand what each party expects the evidence to show.

Second, after the opening statements, the plaintiff will introduce evidence in support of its claim. At the conclusion of their case, the defendants may introduce evidence. And, finally, the plaintiff may choose to introduce rebuttal evidence.

3

Third, after the evidence is presented, I will instruct you on the law that you are to apply in reaching your verdict. I will give you copies of all my instructions, so you will have them in writing when you deliberate.

Fourth, the parties will make closing arguments explaining what they believe the evidence has shown and what inferences you should draw from the evidence. What is said in closing argument is not evidence. The plaintiff will make the first closing argument and can make a short rebuttal argument after the defendants' closing argument.

Fifth, I will give a few brief instructions about how you should conduct your deliberations.

Sixth, you will retire to the jury room and conduct your deliberations.

The trial is expected to take four days. The trial day will run from 9:00 a.m. until 5:30 p.m. Usually, you will have at least an hour for lunch and two additional short breaks, one in the morning and one in the afternoon. Sometimes I will have to adjust this schedule to take care of something in another case, so we will be somewhat flexible. The courtroom is often kept at a cold temperature; I encourage you to bring clothing that will keep you comfortable in a range of conditions.

During recesses you should keep in mind the following instructions:

First, do not discuss the case either among yourselves or with anyone else during the course of the trial. I realize that this case is the one thing you all have in common,

4

but you must not talk about it, even among yourselves, until it is time to deliberate. Once you express an opinion, there is a natural tendency to defend it and this might make you resist changing your mind. The parties to this lawsuit have a right to expect from you that you will keep an open mind throughout the trial. You should not reach a conclusion until you have heard all of the evidence and you have heard the lawyers' closing arguments and my instructions to you on the law, and you have retired to deliberate with the other members of the jury. I must warn you in particular against commenting about the trial in an e-mail or a blog or on Twitter or any social media website. There are cases that have had to be re-tried because a member of the jury communicated electronically about the case during the trial. You can imagine what this would mean in the cost of a re-trial, the inconvenience to your fellow jurors whose work would have been done for nothing, and the stress experienced by the parties.

Second, do not permit any third person to discuss the case in your presence. If anyone tries to talk to you despite your telling him not to, report that fact to the court as soon as you are able. Do not discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

Third, although it is a normal human tendency to converse with people with whom one is thrown into contact, please do not talk to any of the parties or their attorneys or witnesses. By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day. If one of the attorneys or witnesses passes by

without talking to you, they are not being rude; they are simply following my instructions. In no other way can all parties be assured of the absolute impartiality that they are entitled to expect from you as jurors.

Fourth, do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matters that are not proper for your consideration. You must base your verdict solely on the evidence presented in court.

Fifth, no matter how interested you may become in the facts of the case, you must not do any independent research, investigation, or experimentation. Do not look up materials on the internet or in other sources. Again, you must base your verdict solely on the evidence presented in court.

## HEARING THE EVIDENCE

**Evidence**

Evidence at a trial includes the sworn testimony of the witnesses, exhibits that are offered and accepted by the court, facts stipulated by counsel both sides, and facts that are judicially noticed. If facts are stipulated or judicially noticed, I will tell you that. You may consider only the evidence that I admit into the record. In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

The following things are not evidence: questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the lawyer, by the parties, or by one of the witnesses. You should listen carefully to the opening statements and closing arguments of the lawyers because they help you understand the evidence. But those statements and arguments by the lawyers are not evidence. Decide the case on the evidence.

Evidence may be either direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. Circumstantial evidence is proof of one or more facts from which you could infer the existence of another fact.

Let me give an example. Imagine that the question is whether a cat ate a mouse. Direct evidence of this fact would be a witness's testimony that she saw the cat eat the mouse. Circumstantial evidence of the fact would be evidence that both the cat and the mouse were put into the same pen from which neither the cat nor the mouse could escape, and an hour later, the mouse was gone. This example is meant to show that you should consider both direct and circumstantial evidence. Neither type is automatically more persuasive or valuable than the other. It is up to you to decide how much weight to give any piece of evidence.

**Drawing Inferences**

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw reasonable inferences or conclusions from the facts that you find have been proved, if such reasonable inferences or conclusions seem justified in the light of your own experience and common sense.

**Burden of Proof**

You will hear the term "burden of proof" used during this trial. In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim. At the end of the case, I will instruct you on the proper burden of proof to be applied to the issues in this case.

But here is the basic burden of proof concept that you should bear in mind as you hear the evidence. The EEOC is required to prove its claims and any damages by a "preponderance of the evidence." Preponderance of the evidence means that when you have heard all the evidence that relates to a particular claim, you must be persuaded that the claim is more probably true than not true.

In light of the burden of proof, let me identify the main issues you will have to decide. You will have to decide whether the EEOC has proved that, at the time Walmart suspended Reina, Reina was able to perform the essential functions of his job as a cart pusher with a reasonable accommodation. You will also have to decide whether

the EEOC has proved that a full-time job coach is a reasonable accommodation. A reasonable accommodation is one that would enable Reina to perform the essential functions of his job and whose costs are not clearly disproportionate to the benefits that it will produce. It is not a reasonable accommodation to require the employer to eliminate or change the essential functions of the job or to have the essential functions of the job performed by someone else.

Under the ADA, Walmart does not need to endure an "undue hardship" to provide a reasonable accommodation to Reina. On this issue, Walmart bears the burden of proof, also by a preponderance of the evidence. Walmart would have to prove that providing Reina with a full-time job coach would pose an undue hardship on Walmart.

As I said, I will give you more detailed instructions about how to decide these issues after you have heard the evidence.

**Depositions**

During the course of a trial, the lawyers may refer to and read from depositions or play portions of videotaped depositions. Depositions are transcripts of testimony taken while the parties are preparing for trial. Deposition testimony is given under oath just like testimony given during the trial. You should give deposition testimony the same consideration that you would give to live testimony given by the witnesses here in court.

9

**Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testifies about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony. If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

There are three specific rules that apply to prior statements by witnesses.

First, the general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial, you are to consider the prior statement only as an aid in evaluating the truthfulness of the witness's testimony at trial. You cannot consider the prior statement as evidence to prove a fact at issue in this trial.

Second, there is an exception to this general rule for witnesses who are the actual parties in the case, or who are the employees or agents of the parties. If you find that any of the parties (or employees or agents of the parties) made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

Third, depositions are another exception to the general rule. As I explained, depositions are made under oath and you should consider them like any other testimony. So prior statements in depositions can be used both to evaluate the truthfulness of a live witness and as evidence to prove a fact at issue in this trial.

**Experts**

A person's training and experience may make him or her an expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. It is up to you to decide whether you believe the expert's testimony and choose to rely upon it. Part of that decision will depend on your judgment about

11

whether the expert's background of training and experience is sufficient for him or her to give the expert opinion that you heard, and whether the expert's opinions are based on sound reasons, judgment, and information.

During the trial, an expert witness may be asked a question based on assumptions that certain facts are true and then asked for his or her opinion based upon that assumption. Such an opinion is of use to you only if the assumption is based on assumed facts that are proven later. If you find that the assumptions stated in the question have not been proven, then you should not give any weight to the answer the expert gave to the question.

## Objections

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses. When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it. Do not try to guess why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put that statement out of your mind and remember that you may not refer to it during your deliberations.

**Judge's Comments to a Lawyer**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Questions**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

If you wish to ask a question about something you do not understand, write it down on a separate slip of paper. When the lawyers have finished all of their questions to the witness, if your question is still unanswered to your satisfaction, raise your hand, and I will take the written question from you, show it to counsel, and decide whether it is a question that can be asked. If it cannot, I will tell you that. I will try to remember to ask about questions after each witness has testified.

**Notetaking**

If you want to take notes, there are notepads and pencils next to the jury bench. This does not mean you have to take notes; take notes only if you want to and if you think they will help you to recall the evidence during your deliberations. Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses. Keep in mind that just

13

because you have written something down it does not mean that the written note is more accurate than another juror's mental recollection of the same thing. No one of you is the "secretary" for the jury, charged with the responsibility of recording evidence. Each of you is responsible for recalling the testimony and other evidence.

Although you can see that the trial is being recorded by a court reporter, you should not expect to be able to use trial transcripts in your deliberations. You will have to rely on your own memories.

**Seeing the monitors**

We have two monitors that we use to present evidence. If you have trouble seeing the monitors or the evidence that is presented, please raise your hand. We can adjust the position of one of the monitors, and I can ask the parties to enlarge the exhibits that they are displaying.

14