IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,                          POST-TRIAL
                                                        INSTRUCTIONS
          v.

WAL-MART STORES, INC. and                               17-cv-739-jdp
WAL-MART STORES EAST, L.P.,

                    Defendants.

---

Members of the jury:

Now that you have heard the evidence, I will take about 15 minutes to give you the instructions that will govern your deliberations in the jury room. It is my job to decide what rules of law apply to the case and to explain those rules to you.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against any party, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your

own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Your deliberations will be secret. You will never have to explain your verdict to anyone.

During this trial, I have asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be. If you have formed any idea that I have an opinion about how the case should be decided, disregard that idea. It is your job, not mine, to decide the facts of this case.

The case will be submitted to you on a special verdict form consisting of **five** questions. In answering the questions, you should consider only the evidence that has been received at this trial. Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

**Considering the evidence**

All parties are equal before the law. Plaintiff EEOC is a government agency and defendant Walmart is a corporation. Government agencies and corporations are entitled to the same fair consideration that you would give any individual person.

Note also that it is proper for a lawyer to meet with any witness in preparation for trial.

You must base your verdict on the evidence presented in the courtroom. But you should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

The law does not require any party to call as a witness every person who might have knowledge of facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party with the burden of proof as to

that question has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove to satisfy the burden of proof on the question under consideration.

**Burden of proof**

When I say a particular party must prove something by "a preponderance of the evidence," it means that when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

*SHOW VERDICT FORM*

LIABILITY INSTRUCTIONS

**General**

The EEOC has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA." Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of his job and the employer is aware of his limitations.

In this case, the EEOC claims that Walmart violated the ADA by not accommodating Paul Reina's disability by allowing a continuing, full-time job coach and by ending Reina's work for Walmart because he had a disability. Walmart denies that it

violated the ADA. Walmart contends that Reina is not a qualified individual under the ADA; that a full-time job coach who performs any of the essential functions of Reina's job is not a reasonable accommodation under the ADA; and that it did not end Reina's employment because he has a disability.

You should not concern yourselves with whether Walmart's actions were wise, reasonable, or fair. Rather, your concern is only whether the EEOC has proved that Walmart violated the ADA.

You have heard evidence about whether Walmart's actions complied with its internal policies and training. You may consider this evidence in your deliberations. But remember that the issue is whether Walmart violated Reina's rights under the Americans with Disabilities Act, not whether Walmart's actions violated its internal policies or were inconsistent with its training courses.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

**Question 1: Reasonable Accommodation**

Under the ADA, an employer must, if requested, provide a reasonable accommodation to a worker with a disability. To succeed on its reasonable accommodation claim against Walmart, the EEOC must prove three things, which we call "elements," by a preponderance of the evidence:

1. Paul Reina was qualified to perform the job;

2. Walmart was aware that Reina needed an accommodation; and

3. Walmart failed to provide Reina with a reasonable accommodation.

There are some special definitions that you should use in considering whether the EEOC has proven these three elements.

**Definition of "Qualified"**

Under the ADA, Reina was "qualified" if he had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without a reasonable accommodation. You should consider Reina's abilities at the time Reina last worked for Walmart, which was in June 2015.

An employer may have general requirements for all employees as well as specific requirements for a particular job.

Not all job functions are "essential." Essential functions are a job's fundamental duties. In deciding whether a function is essential, you may consider a number of factors, including: the reasons the job exists; the number of employees Walmart has to do that kind of work; the degree of specialization the job requires; Walmart's judgment about what is required; and the consequences of not requiring an employee to satisfy that function. You may consider the amount of job time spent on a function, but some functions may be essential even if they do not take a great deal of time.

**Definition of "Reasonable Accommodation"**

Under the ADA, to "accommodate" a disability is to make some change to the manner or circumstances under which the job is customarily performed that will let a person with a disability perform the job. An accommodation is "reasonable" if it would enable Reina to perform the essential functions of his job and the costs of the accommodation are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include changing such things as ordinary work rules, facilities, conditions, or schedules, or having someone else perform the non-essential functions of the employee's job. But it is not a reasonable accommodation to require the employer to eliminate or change the essential functions of the job, to have someone else perform the essential functions of the job, or to lower productivity standards. A job coach would not be a reasonable accommodation if the coach has to perform any of the essential functions of the job for the employee.

You may also consider Walmart's actual work practices with Reina and other cart attendants in deciding which job functions are essential and whether an accommodation is reasonable. But Walmart is not required to provide any accommodation that is not a reasonable accommodation, even if Walmart may have done so in the past.

**Interactive Process**

Once the employer is aware of the employee's need for an accommodation, the employer must discuss with the employee, or if necessary with his doctor, whether there

is a reasonable accommodation that will permit him to perform the job. Both the employer and the employee must cooperate in this interactive process in good faith.

You may consider whether a party cooperated in this interactive process in deciding whether a reasonable accommodation was possible. But this is only one consideration, and neither party can win this case simply because the other did not cooperate in this process.

### Undue Hardship Defense

Under the ADA, Walmart does not need to accommodate Reina if it would cause an "undue hardship" to its business. An undue hardship is something that is too costly or so disruptive that it would fundamentally change the nature of Walmart's business or how Walmart runs its business.

To prevail with the undue hardship defense, Walmart must prove to you by a preponderance of the evidence that Reina's proposed accommodation would be an undue hardship. In deciding this issue, you should consider the following factors:

1. The nature and cost of the accommodation;

2. Walmart's overall financial resources. This might include the size of its business, the number of people it employs, and the types of facilities it runs;

3. The financial resources of the facility where the accommodation would be made. This might include the number of people who work there and the impact that the accommodation would have on its operations and costs; and

4. The way that Walmart conducts its operations. This might include its workforce structure; the location of its facility where the accommodation would be made compared to Walmart's other facilities; and the relationship between these facilities.

**Question 2:  Discriminatory Termination**

To succeed on its claim for discriminatory termination, the EEOC must prove three elements by a preponderance of the evidence:

1.  Reina was qualified to perform the job;

2.  Walmart ended Reina's work at Walmart;

3.  Defendant would not have ended Reina's work if Reina had not had a disability, but everything else had been the same.

DAMAGES INSTRUCTIONS

**General**

If you decided for defendant Walmart on both questions of liability (that is, if you answered "no" to both Question 1 and Question 2), then you should not consider the question of damages.

If you decide for plaintiff EEOC on either question of liability (that is, if you answer "yes" to either Question 1 or Question 2), then you must determine what amount of damages, if any, that Reina is entitled to recover. EEOC must prove damages by a preponderance of the evidence.

Your verdict must not be based on guesswork. But EEOC need not prove the amount of damages with mathematical precision. In determining the amount of damages, you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case. You should award as damages the amount of money that you find fairly and reasonably compensates Reina for his injuries.

Do not measure damages by what the parties ask for in their arguments. Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence. It is your job to determine the amount of the damages sustained from the evidence you have seen and heard. Examine that evidence carefully and impartially. Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side. Do not make any deductions because of a doubt in your minds about the liability of any of the parties.

**Question 3:  Compensatory damages**

If you find in favor of EEOC on one of the liability questions, then you must determine the amount of money that will fairly compensate Paul Reina for any injury that you find he sustained, or is reasonably certain to sustain in the future, as a direct result of Walmart's conduct.

The EEOC must prove damages by a preponderance of the evidence. Your award must be based on evidence and not speculation. This does not mean, however, that

compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of the injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others: The physical, mental, and emotional pain and suffering that Reina has experienced or is reasonably certain to experience in the future. No evidence of the dollar value of these injuries has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Reina for the injury he sustained.

You should not consider the issue of lost wages and benefits because the court will calculate and determine any damages for past or future lost wages and benefits.


**Questions 4 and 5: Punitive damages**

If you find for the EEOC, you may, but are not required to, assess punitive damages against Walmart. The purposes of punitive damages are to punish a defendant for its conduct and to serve as a warning to the defendant and to others not to engage in similar conduct in the future.

You may assess punitive damages only if the EEOC has proven that Walmart's conduct was malicious or in reckless disregard of Reina's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Reina. Conduct is in reckless disregard of Reina's rights if, under the circumstances, Walmart simply did not care about Reina's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Walmart's conduct;

- the impact of Walmart's conduct on Reina;

- the relationship between Reina and Walmart;

- the likelihood that Walmart would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm Reina suffered.

**Taxes and Benefits**

Do not consider the effect of taxes, if any.  Also do not consider the possible effect of any award on the government benefits that Reina may receive.

12

## INSTRUCTIONS AFTER CLOSING ARGUMENTS

I have just a couple of final instructions about conducting deliberations.

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room.

You are free to deliberate in any way you decide, or select whomever you like as the presiding juror. When thinking about who should be presiding juror, you may want to consider the role that a presiding juror usually plays. He or she serves as the chairperson during the deliberations and has the responsibility of ensuring that all jurors who desire to speak have a chance to do so before any vote. The presiding juror should guide the discussion and encourage all jurors to participate. I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors. Listening carefully and thinking about the other juror's point of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.

You should use my instructions to the jury as a guide to determine whether there is sufficient evidence to prove all the necessary legal elements for each claim or defense. I also suggest that any formal votes on a verdict be delayed until everyone can have a chance to say what they think without worrying what others on the panel might think of their opinion.

Once you are in the jury room, if you need to communicate with me, the presiding juror will send a written message to me. However, do not tell me how you stand as to your verdict.

As I have mentioned before, the decision you reach must be unanimous; you must all agree.