IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 3:17-cv-00739-jdp |
| Plaintiff, | | |
| v. | | |
| WAL-MART STORES, INC. and WAL-MART STORES EAST, L.P., | | **MOTION IN SUPPORT OF ENTRY OF AN AWARD OF EQUITABLE RELIEF** |
| Defendants. | | |

Pursuant to 42 U.S.C. § 2000e-5(g)(1), incorporated into the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12117, the EEOC moves the Court for entry of a judgment against Walmart Stores, Inc., and Walmart Stores East, L.P., for the following relief in addition to that contained in the jury's verdict of October 10, 2019:

1. Monetary relief for Mr. Reina of $120,278.37, payable into a trust established for his benefit. This amount is the total of back pay of $39,095.75, prejudgment interest of $4,486.84, front pay of $58,124.53, and a tax component award of $18,571.25.

1

2. Injunctive relief as follows:

   General provisions

   a. Walmart shall not discriminate against employees or applicants with developmental disabilities or cognitive disabilities that affect mental functioning, nor fail to provide them with reasonable accommodation, as required by the Americans with Disabilities Act.

   b. Walmart shall engage in the interactive process with employees or applicants with developmental disabilities or cognitive disabilities that affect mental functioning when Walmart knows or has reason to know that the employee or applicant may need a reasonable accommodation.

   c. Where Walmart knows, or has reason to know that an employee or applicant with developmental disabilities or cognitive disabilities that affect mental function may need a reasonable accommodation, Walmart shall involve the employee or applicant's representatives, if known, in any discussions relating to work performance, discipline, or reasonable accommodations, including the interactive process.

   d. Walmart will consider the provision of a job coach or aide as a reasonable accommodation where needed to permit an employee who has developmental or cognitive disabilities that affect mental functioning to perform the essential functions of his or her job and where it does not impose an undue hardship on Walmart.

   Provisions assuring compliance with policies

   e. Walmart shall, within thirty (30) days from the entry of the Court's order, adopt a written Checklist for its employees who are involved in determining whether an employee should receive a reasonable accommodation, including but not limited to personnel coordinators, training coordinators, all salaried members of management, regional human resources directors, people managers, and market human resource managers. This Checklist shall set forth the steps recommended by

Walmart in its policies and trainings for handling requests for reasonable accommodation, including the following:

   i. Has an employee (or the representative of an employee) indicated in any way that an accommodation, exception, or modification may be beneficial?
   ii. Was the request for accommodation granted at the store level?
   iii. If not, was the request for accommodation sent to the Accommodations Service Center within 24 hours of its receipt?
   iv. Was Walmart's policy on reasonable accommodation clearly communicated to the employee, applicant, or representative?
   v. Was the employee, applicant, or representative given the name of a contact person with whom he or she could follow up with the request?
   vi. Walmart shall maintain copies of the Checklists for the duration of this Order, and longer if required by the governing recordkeeping regulations.
   vii. Walmart shall review the Checklists before the performance evaluations of any employees required to complete the evaluations and shall consider the adherence to its policies relating to reasonable accommodation in the performance evaluation.

Training provisions

f. Within one hundred fifty days (150) days from the entry of this Decree, Defendants will provide all employees in Market 263 who are responsible for receiving and/or reviewing requests for reasonable accommodation (including personnel coordinators, training coordinators, all salaried members of management, regional human resources directors, people managers, and market human resources managers) with no fewer than two hours of live training on the requirements and prohibitions of the ADA to be conducted either in person or by live video link. Defendants shall provide such training to Jeff Scheuerell, Julie Repka, and Leah Stroh if they are employed in any facility operated by Walmart Inc. or any of its subsidiaries, regardless of the position which they currently hold or the

store in which they are employed, and regardless of whether they are still employed within Walmart's Market 263.

g. Each year thereafter for the duration of this Order, Defendants will provide those employees identified in the preceding paragraph with one hour of refresher training on the requirements and prohibitions of the ADA to be conducted either in person or by live video link.

h. The training must be introduced by a manager from the home office who is in a position superior to the highest-ranking person being trained. The manager introducing the training will emphasize the importance of the training and compliance with the ADA and will make clear that Walmart expects that its employees adhere to the ADA and to Walmart's policies regarding reasonable accommodation of applicants and employees with disabilities.

i. The content of the ADA training will cover all requirements and prohibitions under the ADA and will include special emphasis on reasonable accommodation and the duty to engage in an interactive process. The training will also address the provision of accommodations such as job coaches or aides where appropriate.

Scope and Compliance

j. The Court's injunction shall be for three (3) years.

k. Each year, on the anniversary of the entry of this Order, Walmart shall file a certificate of compliance with the injunction. If Walmart has not fully complied with one or more provisions of the Order, the signatory of the report shall indicate what shortcomings have occurred and shall outline a plan to assure immediate compliance.

l. The EEOC will give Walmart ten (10) business days' notice of any alleged noncompliance with the terms of this Order before initiating enforcement actions under it. If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that

period, the EEOC may apply to the Court for appropriate relief. These dispute resolution proceedings do not apply to those cases where there is a need to seek immediate or other extraordinary relief from the Court.

The EEOC's motion is based upon the Americans with Disabilities Act, the jury verdict against Defendants, all of the files and proceedings in this case, and the supporting memorandum and documents filed with this motion.

Dated:  November 12, 2019            By   s/ Laurie Vasichek

                                       Laurie A. Vasichek (Minn. No. 171438)
                                       EEOC - Minneapolis Area Office
                                       330 South Second Avenue, Suite 720
                                       Minneapolis, MN  55401
                                       Telephone:  (612) 552-7315
                                       Facsimile:  (612) 335-4044
                                       laurie.vasichek@eeoc.gov

                                        s/ Carrie Vance
                                       Carrie Vance (Wis. No. 1056606)
                                       EEOC -Milwaukee Area Office
                                       310 W. Wisconsin Avenue # 800
                                       Milwaukee, WI  53203-2292
                                       Telephone:   (414) 662-3686
                                       Facsimile:  (414) 297-3146
                                       carrie.vance@eeoc.gov